IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **HOMEWORX FRANCHISING, LLC,** Plaintiff, vs. **DODGE MEADOWS, STEVE HOFER, and ERIC BARR, dba HOMEWORX OF DENVER,** Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PRELIMINARY INJUNCTION** Case No. 2:09CV11DAK |

This matter is before the court on the Plaintiff's Motion for Preliminary Injunction. The court granted Plaintiff's Temporary Restraining Order on January 7, 2009. The court then scheduled a hearing on Plaintiff's Motion for Preliminary Injunction for January 13, 2009. Based on a request from Defendants, the court rescheduled the hearing for January 23, 2009. On January 23, 2009, the court held the hearing on Plaintiff's motion. At the hearing, Plaintiff was represented by Blake T. Ostler, and Defendants were represented by B. Kent Felty. Based on the law and facts relevant to the pending motion, the enters the following Memorandum Decision and Order granting Plaintiff's Motion for Preliminary Injunction.

## Plaintiffs' Motion for Preliminary Injunction

In order to obtain temporary or preliminary injunctive relief, the moving party must establish:

> (1) a substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).  Because a preliminary injunction is an extraordinary remedy, the "right to relief must be clear and unequivocal." *Id.*

The parties stipulated to the entry of a preliminary injunction on all matters contained in the Temporary Restraining Order with the exception of Steve Hofer's ability to maintain the website "donttrusthomeworx.com."

Defendants argue that Steve Hofer is not subject to the parties' Franchise Agreement and that a preliminary injunction requiring the website to be taken down would infringe Steve Hofer's first amendment rights to free speech.  Plaintiff entered a Franchise Agreement with Defendants on January 9, 2008.  The Agreement states that it is by and between Homeworx Franchising LLC and "Eric Barr/Dodge Meadows/Steve Hofer."  The Agreement states that those three individuals are "hereinafter referred to as the 'Franchisee.'" However, the Agreement is signed by Dodge Meadows, with no title given, and Eric Barr, with the title principal.  Because Steve Hofer did not sign the Agreement, Defendants argue that he is not bound by its terms.

At the hearing on the motion for preliminary injunction, however, Hofer testified that he and Dodge Meadows entered into an oral partnership agreement in June 2006.  Hofer also testified that he knew that he was involved in the franchise, he was a manager of Homeworx Denver, he received profits from the franchise and his partnership with Meadows, and he

believed that Homeworx Denver was bound by the Agreement. Based on Hofer's testimony and the reference in the Agreement to Barr, Meadows, and Hofer as constituting the "Franchisee," the court finds that Hofer is bound by the terms of the Agreement even though he did not sign it. Hofer's testimony and the evidence of the Defendants' actions with respect to the Homeworx Denver franchise establish that Hofer is a partner with Meadows in a partnership or joint venture. *See, e.g., Wood v. Western Beef Factory, Inc.*, 378 F.2d 96, 98 (10th Cir. 1967) (finding that whether oral agreement created partnership or joint venture, an agreement to combine money, efforts, skill, or knowledge in some common undertaking binds joint venturer in matters within the scope of the joint enterprise). Hofer is bound by his partners' actions on matters within the scope of the partnership or joint enterprise, such as signing a Franchise Agreement listing all three men as constituting the "Franchisee." *See id.* at 98-99. Therefore, the court concludes that Hofer is bound by the terms of the Agreement.

Defendants argue that even if Hofer is bound by the terms of the Agreement, it would infringe Hofer's First Amendment rights to require him to take down the website. Defendants rely on this court's ruling in *Utah Lighthouse Ministry, Inc v. Discovery Computing, Inc.*, 506 F. Supp. 2d 889 (D. Utah 2007). The court, however, finds *Utah Lighthouse* distinguishable from the present case because there was no contractual relationship between the parties in that case.

The present case is more similar to the case relied on by Plaintiff, *Paragould Cablevision, Inc. v. City of Paragould*, 930 F.2d 1310 (8th Cir. 1991). In *Paragould*, the court concluded that "[b]y entering into the franchise agreement . . . Cablevision effectively bargained away some of its free speech rights. Cablevision could have bargained for an unqualified right to solicit and transmit advertisements. No law mandated otherwise. Cablevision simply failed to protect its commercial rights . . . . Cablevision cannot now invoke the first amendment to

3

recapture surrendered rights." *Id.* at 1315.

As in *Paragould*, Defendants voluntarily entered into the Franchise Agreement, received an economic gain as a result of such agreement, and could have bargained for commercial speech rights at the time of entering the agreement. Defendants voluntarily surrendered the rights they now seek when they entered into the Franchise Agreement. "The forum for protecting [their] free speech rights was the bargaining table, not the courtroom." *Id.* The court, therefore, concludes that the terms of the Franchise Agreement do not infringe Hofer's, or Defendants', free speech rights.

Hofer's website "donttrusthomeworx" is a clear violation of the terms of the Franchise Agreement. The Agreement precludes the unauthorized use of Plaintiff's proprietary marks and states that Defendants' use of the proprietary marks will be for Plaintiff's exclusive benefit. Under the Agreement, Defendants also agreed "to refrain from any business or marketing practice which may be injurious to [Plaintiff's] business and the goodwill associated with the Proprietary Marks and other Homeworx Sales Offices." Therefore, the court concludes that the terms of the Franchise Agreement preclude Hofer's ability to maintain the website "donttrusthomeworx.com."

Based on the facts outlined in Plaintiff's Verified Complaint, Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction, and the evidence presented and arguments of counsel at the hearing, the court finds that Plaintiff has met its burden of establishing each of the elements necessary for a preliminary injunction. The facts demonstrate that there is a substantial likelihood that Plaintiff will succeed on the merits of its claims and Plaintiff's business will suffer irreparable harm if a preliminary injunction does not issue. Furthermore, the injury to Plaintiff if the preliminary injunction does not issue outweighs any

potential injury to Defendants, and the issuance of a preliminary injunction is not against the public interest. Accordingly, the court grants Plaintiff's Motion for Preliminary Injunction. All of the terms of the court's January 7, 2009 Temporary Restraining Order will continue in effect as the terms of the court's Preliminary Injunction.

     DATED this 26th day of January, 2009.

                             BY THE COURT:

                             _____
                             DALE A. KIMBALL
                             United States District Judge