Blake T. Ostler (Bar No. 4642)
Mackey Price Thompson & Ostler
57 West 200 South, Suite 350
Salt Lake City, Utah 84101
Telephone: (801) 575-5000
Facsimile: (801) 575-5006

Attorney for Plaintiff

___

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HOMEWORX FRANCHISING, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DODGE MEADOWS, an individual, STEVE HOFER, an individual, ERIC BARR dba HOMEWORX OF DENVER,<br><br>Defendants. | **MEMORANDUM IN OPPOSITION TO AMENDED MOTION TO JOIN THIRD PARTIES AS COUNTERDEFENDANTS**<br><br>(Oral Argument Requested)<br><br>Case No. 2:09-cv-11 DAK<br><br>Judge Dale A. Kimball |

The Plaintiff HomeWorx Franchising, LLC respectfully submits this Memorandum in Opposition to the Amended Motion to Join Third Parties as Counterdefendants ("Motion").

## I.  NATURE OF THIS MOTION

The Plaintiff is a nationwide franchisor of post-construction service franchises. On or about 9 January 2008, the Defendant entered into a franchise agreement ("Franchise Agreement") with HomeWorx.  See Exhibit "A" to the Verified Complaint for a copy of the Franchise Agreement.  The Defendants are franchisees of the Plaintiff.  Neither AxisPointe, Inc. ("AxisPointe"), nor Blum Capital Partners, L.P. ("Blum Capital"), are parties to the Franchise Agreement.

As to the substance of the Motion, Rule 20 is inapposite and does not provide any authority to force a joinder.  Rule 20 only allows a plaintiff to add another plaintiff to a lawsuit and is not the means for a defendant to decide how they would like to structure a lawsuit.  AxisPointe: 1) played no role in negotiating the franchise agreement; 2), has no rights and no obligations under the franchise agreement; and 3), did not sign the Franchise Agreement.  Blum Capital has even less connection than AxisPointe.

## II.  ARGUMENT

### THIS COURT CANNOT ADD COUNTERDEFENDANTS UNDER RULE 20

**A. Defendant cannot add Counterdefendants under Rule 20.** Dodge Meadows (the "Defendant") seeks to add two parties to this law suit under authority from Rule 20 on the grounds that the "rights to relief, arise out of the same series of transactions or occurrences and implicate common questions of law." Amended Motion, p.1 (Docket 33). Neither the Amended Motion nor amended memorandum cite or rely on any other authority for joinder.

Rule 20, however, is not applicable because a defendant cannot use Rule 20 to join counterdefendants.  "[A] defendant can not use rule 20 to join a person as an additional defendant."

*Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. Kan. 1983).  The 10th Circuit recently confirmed *Hefley*:

> The Tenth Circuit has held that Rule 20 "is a right belonging to plaintiffs . . . [and] a defendant cannot use Rule 20 to join a person as an additional defendant." Therefore, as a defendant in the current action, Rule 20 is not available to Willard as a means to join Wal-Mart as a party to the current action.

*Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 515 (D. Kan. 2003) (citing *Hefley* and *Moore v. Cooper*, 127 F.R.D. 422 (D.D.C. 1989) ("Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit." )).  Accordingly, the Defendant's claim that Rule 20 is the proper means to move this Court for joinder is incorrect.  The 10th circuit does not allow the Defendant to join parties under Rule 20.  The Defendant cites no other rule, authority or remedy authorizing joinder.  Therefore, this Court should deny the Amended Motion as it seeks a remedy not permitted under Rule 20.

**B. Even If Joinder Were Proper Under the Rules, This Court Should Nevertheless Deny Joinder.**  Even if the Defendant could join a party under Rule 20, Rule 20 allows permissive joinder only if the issues arise "out of the same transaction, occurrence, or series of transactions or occurrences."  Fed.R.Civ.P. 20.  Because Rule 20 is inapposite here, Defendants arguments for joinder analyzing Rule 20 are irrelevant.

The defendant, Dodge Meadows, fails to provide a proposed amended complaint setting forth the proposed claims.  While Dodge Meadows may argue this can be gleaned from reading his amended memorandum, it is not clear what the causes of action are against each of the proposed

counterdefendants. None are expressly set forth. No proposed complaint is attached. Accordingly, this Court should deny the Amended Motion for failure to set forth any causes of action.

Regarding Defendants' contentions in its motion, the royalties due as alleged under Section 18 and 19 of the Complaint are royalties due pursuant to the Franchise Agreement. Neither proposed Counterdefendants are parties to the Franchise Agreement. Defendants also cite no authority for the proposition that a logo, letterhead, or having close office space somehow makes another company liable in a lawsuit. Neither does having the same individual serving as an officer of two different companies mandate joinder of the second company.

The Federal Trade Commission ("FTC") in 1979 adopted its trade regulation rule 436 (the "FTC Rule") and a private right of action is not available under the FTC Rule. The FTC Rule specifies the disclosure that must be made to a prospective franchisee in any of the fifty states. A new version of the UFOC was adopted by NASAA in April of 1993 and approved by the FTC in December of 1993. Among other things, the FTC Rule requires that every franchisor offering franchises in the United States deliver an offering circular (containing certain specified disclosure items) to all prospective franchisees (within certain specified time requirements). There is no private right of action under the FTC Rule. *Mon-Shore Mgmt. v. Family Media*, 1985 U.S. Dist. LEXIS 12407 (S.D.N.Y. Dec. 23, 1985)(unpublished); *Alfred Dunhill Limited v. Interstate Cigar Co., Inc.*, 499 F.2d 232, 237 (2d Cir. 1974) ("the provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission"); *Naylor v. Case and McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978) ("no private right of action arises under" the FTCA). Defendant can therefore not bring a private right of action under the FTC Rule.

Blum Capital has even less connection than AxisPointe. As described by the Defendants, Blum Capital is a "financial backer" of the Plaintiff. See Motion. As with AxisPointe, Blum Capital is not a signatory of the Franchise Agreement, has no rights or obligations thereto and is not asserting claims against the Defendants. The Defendants claim there are two members of the board of directors with ties to both companies. There is no authority mandating a joinder under such a circumstance. Thus, neither proposed party is a necessary party in this case and the Amended Motion should be denied.

### III. CONCLUSION

This Court should deny the Amended Motion.

DATED the 28th day of September, 2009.

                MACKEY PRICE THOMPSON & OSTLER

                By: /s/ Blake T. Ostler
                   Blake T. Ostler

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2009, I caused to be served by the method indicated below a true and correct copy of the foregoing document on the following:

| | |
|---|---|
| ____ VIA FACSIMILE | Dodge Meadows |
| ____ VIA HAND DELIVERY | 1115 Grant Street |
| ____ VIA U.S. MAIL | Denver, CO 80203 |
| ____ VIA FEDERAL EXPRESS | |

_____

G:\BTO\Blake\HomeWorx lit\Memo in opp to Amended Motion 092209.wpd