IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **HOMEWORX FRANCHISING, LLC, a Utah limited liability company,**<br><br>Plaintiff,<br>v.<br><br>**DODGE MEADOWS, an individual, and STEVE HOFER, an individual dba HOMEWORX OF DENVER,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09cv11<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) HomeWorx Franchising, LLC's ("Plaintiff") motion to compel counsel to cease conducting discovery, serve initial disclosures, or withdraw from representation;[2] (2) Dodge Meadows's ("Mr. Meadows") motion to join third parties as counterclaim defendants;[3] (3) Plaintiff's motion to strike Mr. Meadows's motion to join third parties as counterclaim defendants;[4] and (4) Mr. Meadows's

---

[1] *See* docket no. 39.

[2] *See* docket no. 22.

[3] *See* docket no. 29.

[4] *See* docket no. 30.

amended motion to join third parties as counterclaim defendants.[5] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## BACKGROUND

Plaintiff is a nationwide franchisor of post-construction service franchises. On or about January 9, 2008, Mr. Meadows, Steve Hofer ("Mr. Hofer"), and Eric Barr ("Mr. Barr"),[6] dba HomeWorx of Denver (collectively, "Defendants"), entered into a franchise agreement ("Franchise Agreement") with Plaintiff. In its complaint, Plaintiff contends that by November 2008, Defendants were in serious breach of the Franchise Agreement. Specifically, Plaintiff alleges that, inter alia, Defendants breached the Franchise Agreement by failing to pay fees and royalties to Plaintiff, misusing and disparaging Plaintiff's trademarks, failing to provide monthly reports, failing to have managers and employees properly trained, and failing to secure and maintain required insurance. Plaintiff also brought state law claims for libel and slander. In response, Defendants filed an answer and counterclaim alleging, inter alia, breach of the Franchise Agreement by Plaintiff, fraudulent inducement, fraudulent misrepresentation,

---

[5] *See* docket no. 33.

[6] Mr. Barr has since been dismissed from the lawsuit. *See* docket no. 20.

interference with Defendants' business relations, and violation of the covenant of good faith and fair dealing.[7]

Defendants were originally represented by counsel.  On July 15, 2009, counsel for Defendants filed a motion to withdraw from representing Defendants, which was granted by Judge Kimball.  Defendants requested, and received, thirty days to obtain alternate representation.  Rather than obtain new counsel, Defendants apparently determined to appear pro se in this case.  However, the court notes that Mr. Meadows is the only defendant to have entered a pro se appearance.[8]  Because Mr. Meadows is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers."  *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

## ANALYSIS

### A.  Plaintiff's Motion to Compel

Before Defendants' counsel's motion to withdraw from the case was filed or granted, Plaintiff filed a motion to compel initial disclosures from Defendants or, in the alternative, for Defendants' counsel to withdraw from representation as he had indicated he would do.  Because counsel for Defendants filed a motion to withdraw that was granted by Judge Kimball, the court has determined that Plaintiff's motion to compel is now **MOOT**.

---

[7] Defendants did not specifically set forth separate causes of action in the counterclaim.  However, based on the court's review of the counterclaim, the court has identified the above-mentioned causes of action.  The court does not intend this list to be restrictive or exhaustive but merely informative.

[8] *See* docket no. 36.

### B.  Mr. Meadows's Motion to Join Third Parties as Counterclaim Defendants and Plaintiff's Motion to Strike

Mr. Meadows filed a motion to join AxisPointe, Inc. ("AxisPointe") and Blum Capital Partners, L.P. ("Blum") (collectively, "Proposed Counterclaim Defendants") as counterclaim defendants pursuant to rules 19 and/or 20 of the Federal Rules of Civil Procedure.  While the motion purports to be filed jointly by Mr. Meadows, Mr. Hofer, and HomeWorx of Denver, all appearing pro se, Mr. Meadows is the only signatory to the motion.

As correctly stated in Plaintiff's motion to strike, Mr. Meadows may not represent HomeWorx of Denver, a corporate entity, in federal court.[9]  *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se.*"); *U.S. v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity.").  In addition, Mr. Meadows may not appear on behalf of Mr. Hofer or any other individual.  *See, e.g.*, *U.S. v. Althoff*, No. 93-2114, 1993 WL 542201, at *1

---

[9] The court notes that Plaintiff has not named HomeWorx of Denver as a defendant in the complaint apart from the individual defendants collectively doing business as HomeWorx of Denver.  Some courts have allowed sole proprietors to appear pro se on behalf of their business entity.  *See, e.g.*, *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609-10 (11th Cir. 1984) (concluding that a sole proprietor could proceed pro se under 28 U.S.C. § 1654); *Precision Pay Phones v. Qwest Commc'ns Corp.*, 210 F.Supp.2d 1106, 1118 n.8 (N.D. Cal. 2002) (same).  However, based on the court's review of the pleadings in this case, it appears that HomeWorx of Denver is either an LLC, a partnership, or owned by Builders' Shield LLC. Thus, as stated above, Mr. Meadows may not appear on behalf of HomeWorx of Denver.

(10th Cir. Dec. 23, 1993) (unpublished) ("If an individual decides to appear pro se[,] that litigant may act in court only for himself or herself. Unless they are a member of a bar, an individual is not entitled to represent any other party.").

In response to Plaintiff's motion to strike, Mr. Meadows filed an amended motion to join the Proposed Counterclaim Defendants in which he concedes that he may appear only on his own behalf and not on the behalf of an entity or individual. Plaintiff asserts that Mr. Meadows's amended motion renders his original motion to join and Plaintiff's motion to strike moot. The court agrees. Therefore, the court concludes that both Mr. Meadows's original motion to join the Proposed Counterclaim Defendants and Plaintiff's motion to strike have been rendered **MOOT**.

### C. Mr. Meadows's Amended Motion to Join Proposed Counterclaim Defendants

In his amended motion, Mr. Meadows seeks to add the Proposed Counterclaim Defendants to the counterclaim pursuant to rule 20 of the Federal Rules of Civil Procedure. Rule 20 provides that

> persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Mr. Meadows asserts that the Proposed Counterclaim Defendants are so closely intertwined with Plaintiff that the actions of Plaintiff should be imputed to the Proposed Counterclaim Defendants. Mr. Meadows contends that Axis Point and Plaintiff presented themselves "as one and the same company" that was "fully backed by Blum."[10] Mr.

---

[10] Docket no. 35 at 1.

Meadows provides the following examples to demonstrate this contention: (1) Plaintiff included AxisPointe's financial statements in its Uniform Franchising Offering Circular demonstrating that AxisPointe is backing the obligations of Plaintiff; (2) Plaintiff shared employees, office space, and employees with AxisPointe; (3) Defendants submitted its payments under the Franchise Agreement to AxisPointe; (4) AxisPointe's organizational chart shows Plaintiff as a division of AxisPointe; (5) at the top of every page of the Franchise Agreement exists the following: "2007 AxisPointe, Inc./HomeWorx Franchising"; (6) the complaint describes Blum as AxisPointe's "financial partner"; (7) AxisPointe and Plaintiff named Blum as their financial backing to induce Defendants to enter into the Franchise Agreement; and (8) Blum is a management partner with two seats on AxisPointe's board of directors.

The court notes that while Mr. Meadows did not directly cite to rule 13 of the Federal Rules of Civil Procedure, it is the rule that governs compulsory and permissive counterclaims. *See* Fed. R. Civ. P. 13. In particular, rule 13(h) provides that "[r]ules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h).

In response to Mr. Meadows's motion, Plaintiff asserts that neither of the Proposed Counterclaim Defendants is a party to the Franchise Agreement and that Mr. Meadows, as a defendant, may not add counterclaim defendants under rule 20. Plaintiff further contends that the causes of action alleged in the counterclaim do not arise "out of the same transaction, occurrence, or series of occurrences." Fed. R. Civ. P. 20(a)(1)(A). The court disagrees.

Because Mr. Meadows has alleged that Plaintiff and the Proposed Counterclaim Defendants are so closely intertwined as business entities, the court has determined that it is appropriate to join them as counterclaim defendants. Furthermore, the court concludes that

6

Plaintiff's argument that Mr. Meadows, as a defendant, may not add counterclaim defendants is without merit. Specifically, the Advisory Committee Notes for the 1966 Amendment to rule 13 state that

> for the purpose of determining who must or may be joined as additional parties to a counterclaim or cross-claim, the party pleading the claim is to be regarded as a plaintiff and the additional parties as plaintiffs or defendants as the case may be, and amended Rules 19 and 20 are to be applied in the usual fashion.

Fed. R. Civ. P. 13 Advisory Comm. Notes to 1966 Amendment. Thus, Mr. Meadows is to be considered a plaintiff for purposes of adding the Proposed Counterclaim Defendants. Furthermore, "courts typically have construed [rule 13(h)] liberally in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1434 (footnotes omitted).

Based on the foregoing, the court **GRANTS** Mr. Meadows's amended motion to join the Proposed Counterclaim Defendants. However, the addition of the Proposed Counterclaim Defendants to the counterclaim applies only to Mr. Meadows as a counterclaim plaintiff; it does not apply to any other defendant or counterclaim plaintiff. Accordingly, Mr. Meadows shall file with the court an amended answer and counterclaim that names the Proposed Counterclaim Defendants and serve said counterclaim in accordance with rule 4 of the Federal Rules of Civil Procedure no later than February 24, 2010.

## CONCLUSION

In summary, **IT IS HEREBY ORDERED**:

(1)     Plaintiff's motion to compel counsel to cease conducting discovery, serve initial

disclosures, or withdraw from representation[11] has been rendered **MOOT**;

    (2)    Mr. Meadows's motion to join the Proposed Counterclaim Defendants[12] and Plaintiff's motion to strike[13] have been rendered **MOOT**; and

    (3)    Mr. Meadows's amended motion to join the Proposed Counterclaim Defendants[14] is **GRANTED**.  Mr. Meadows shall file with the court an amended answer and counterclaim that names the Proposed Counterclaim Defendants and serve said counterclaim in accordance with rule 4 of the Federal Rules of Civil Procedure no later than February 24, 2010.

**IT IS SO ORDERED.**

DATED this 3rd day of February, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[11] *See* docket no. 22.

[12] *See* docket no. 29.

[13] *See* docket no. 30.

[14] *See* docket no. 33.