# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **HOMEWORX FRANCHISING, LLC,** a Utah limited liability company, <br><br> Plaintiff, <br> v. <br><br> **DODGE MEADOWS,** an individual, and **STEVE HOFER,** an individual dba **HOMEWORX OF DENVER,** <br><br> Defendants, | **REPORT AND RECOMMENDATION** |
| **DODGE MEADOWS,** an individual, <br><br> Counterclaim Plaintiff, <br> v. <br><br> **HOMEWORX FRANCHISING, LLC,** a Utah limited liability company; **AXIS POINTE, Inc.; BLUM CAPITAL PARTNERS, LP;** <br><br> Counterclaim Defendants. | **Case No. 2:09cv11** <br><br><br><br> **District Judge Dale A. Kimball** <br><br> **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are the following motions: (1) HomeWorx Franchising, LLC ("Homeworx"); Axis Pointe, Inc. ("AxisPointe"); and Blum

---

[1] *See* docket no. 39.

Capital Partners, LP's ("Blum") (collectively, "Counterclaim Defendants") motion to dismiss the amended counterclaim ("Amended Counterclaim");[2] (2) Counterclaim Defendants' alternative motion for a more definite statement;[3] (3) Dodge Meadows's ("Mr. Meadows") motion for default judgment as to AxisPointe and Blum.[4] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

As an initial matter, because Mr. Meadows is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

## RELEVANT BACKGROUND

Homeworx is a nationwide franchisor of post-construction service franchises. On or about January 9, 2008, Mr. Meadows, Steve Hofer ("Mr. Hofer"), and Eric Barr ("Mr. Barr"), dba Homeworx of Denver (collectively, "Defendants"), entered into a franchise agreement ("Franchise Agreement") with Homeworx. In its complaint, Homeworx contends that by November 2008, Defendants were in serious breach of the Franchise Agreement. Specifically, Homeworx alleges that, inter alia, Defendants breached the Franchise Agreement by failing to

---

[2] *See* docket no. 57.

[3] *See* docket no. 58.

[4] *See* docket no. 62.

pay fees and royalties to Homeworx, misusing and disparaging Homeworx's trademarks, failing to provide monthly reports, failing to have managers and employees properly trained, and failing to secure and maintain required insurance. Homeworx also brought state law claims for libel and slander against Defendants. In response, Defendants filed an answer and counterclaim ("Original Counterclaim") alleging, inter alia, breach of the Franchise Agreement by Homeworx, fraudulent inducement, fraudulent misrepresentation, interference with Defendants' business relations, and violation of the covenant of good faith and fair dealing.[5]

Defendants were originally represented by counsel. However, on July 15, 2009, counsel for Defendants filed a motion to withdraw from representing Defendants,[6] which was granted by Judge Kimball.[7] Defendants requested, and received, thirty days to obtain alternate representation.[8] Rather than obtain new counsel, Defendants apparently determined to appear pro se in this case. However, the court notes that Mr. Meadows is the only defendant to have

---

[5] Defendants did not specifically set forth separate causes of action in the Original Counterclaim. However, based on the court's review of the Original Counterclaim and the Amended Counterclaim, the court has identified the above-mentioned causes of action.

[6] *See* docket no. 25.

[7] *See* docket no. 28.

[8] *See id.*

entered a pro se appearance.[9] Mr. Barr was previously dismissed from the lawsuit,[10] and Mr. Hofer has filed a bankruptcy petition in Colorado.[11]

In a Memorandum Decision and Order dated February 4, 2010 ("February 4 Order"), this court granted Mr. Meadows's motion to join AxisPointe and Blum as counterclaim defendants.[12] The Amended Counterclaim against Counterclaim Defendants was filed March 23, 2010.[13] On March 31, 2010, Counterclaim Defendants filed a motion to dismiss the Amended Counterclaim and an alternative motion for a more definite statement.[14] On April 12, 2010, Mr. Meadows filed a motion for default judgment as to AxisPointe and Blum.[15]

## ANALYSIS

### I. Counterclaim Defendants' Motions

Counterclaim Defendants argue that the Amended Counterclaim fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In the alternative, Counterclaim Defendants move the court for a more definite statement. *See* Fed. R. Civ. P. 12(e) ("A party

---

[9] *See* docket no. 36.

[10] *See* docket no. 20.

[11] *See* docket no. 61.

[12] *See* docket no. 53.

[13] *See* docket no. 54.

[14] *See* docket nos. 57 and 58.

[15] *See* docket no. 62.

may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "While the complaint does not need to include detailed factual allegations, 'factual allegations must be enough to raise a right to relief above the speculative level.'" *Carson v. Tulsa Police Dept.*, 266 F. App'x 763, 765 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Counterclaim Defendants argue that the Amended Counterclaim consists of conclusory allegations and fails to identify the claims being asserted. Specifically, Counterclaim Defendants contend that Mr. Meadows's Amended Counterclaim "provides no well-plead [sic] factual contentions to support his claims" because "[t]here are no dates, no background facts, no facts describing the alleged activities and no designation of which claim or claims is (are) being asserted."[16] Counterclaim Defendants further contend that Mr. Meadows is not consistent in the Amended Counterclaim when referring to the various parties.

---

[16] Docket no. 59 at 5.

In his motion for default judgment,[17] Mr. Meadows asserts that Counterclaim Defendants' motion to dismiss is "frivolous and meritless" because in the February 4 Order, this court "identified several valid causes of action" in the counterclaim.[18] While this court did identify potential causes of action against Homeworx in the Original Counterclaim,[19] this court also noted that it did "not intend for this list to be restrictive or exhaustive but merely informative."[20]

The court makes the following observations regarding the Original Counterclaim and the Amended Counterclaim. First, the Amended Counterclaim is substantially similar to the Original Counterclaim but merely adds AxisPointe and Blum as additional counterclaim defendants. Second, the Original Counterclaim was drafted and filed by Defendants' previous counsel. It appears to the court that Mr. Meadows was merely following the example of his previous counsel in drafting the Amended Counterclaim and that he has not explicitly adopted this court's list of potential causes of action as his own in his Amended Counterclaim. Third,

---

[17] While Counterclaim Defendants assert that Mr. Meadows failed to respond to their motions, the court concludes that Mr. Meadows's motion for default judgment was also an opposition to Counterclaim Defendants' motion to dismiss. Accordingly, this court will construe it as such.

[18] Docket no. 62 at 2.

[19] Specifically, as stated above, this court identified the following possible causes of action against Homeworx in the counterclaim: "breach of the Franchise Agreement . . . , fraudulent inducement, fraudulent misrepresentation, interference with [Mr. Meadows's] business relations, and violation of the covenant of good faith and fair dealing." Docket no. 43 at 2-3.

[20] Docket no. 43 at n.7.

because the Original Counterclaim was against only Homeworx, it was unnecessary for Mr. Meadows to specify which counterclaims were against which party.

While the court agrees with the Counterclaim Defendants that the Amended Counterclaim is deficient in some respects, the court concludes that dismissing the Amended Counterclaim would be unjust. Considering Mr. Meadows's status as a pro se litigant, the court has determined that Mr. Meadows should be allowed to file a second amended counterclaim that sets forth the specific causes of action and parties to whom or to which the causes of action apply. The court also notes that, assuming Mr. Meadows adopts this court's identification of potential causes of action as his own, some of those causes of action require a heightened pleading standard under rule 9(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727-28 (10th Cir. 2006) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, [and] 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" (citations omitted)).

Accordingly, the court **RECOMMENDS** that the Counterclaim Defendants' motion to dismiss be **DENIED** and their alternative motion for a more definite statement be **GRANTED**.

## II. Mr. Meadows's Motion

Mr. Meadows filed a motion for default judgment against AxisPointe and Blum on the grounds that because no attorney filed an entry of appearance on their behalf, they failed to file a

7

responsive pleading to the Amended Counterclaim.  This argument is without merit.  As explained by counsel for the Counterclaim Defendants, the filing of the motion to dismiss on behalf of AxisPointe and Blum constituted an appearance by their counsel.  *See* DUCivR 83-1.3(a) ("The filing of any pleading, unless otherwise specified, will constitute an appearance by the person who signs such pleading, and such person will be considered counsel of record . . . .")  Entry of a party's default under rule 55(a) of the Federal Rules of Civil Procedure is proper only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure]."  Fed. R. Civ. P. 55(a).  Because AxisPointe and Blum have responded to Mr. Meadows's Amended Counterclaim by way of a motion to dismiss and alternative motion for a more definite statement, an entry of their default would be improper.

Accordingly, this court **RECOMMENDS** that Mr. Meadows's motion for default judgment be **DENIED**.

## RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED**:

(1)	Counterclaim Defendants' motion to dismiss be **DENIED** and their alternative motion for a more definite statement be **GRANTED**; and

(2)	Mr. Meadows's motion for default judgment be **DENIED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after

receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 13th day of October, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge